UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

BUNTHOEUN NEM,

                Petitioner,

    v.

MERRICK GARLAND,

                Respondent.

CASE NO. 2:24-cv-01601-DGE-GJL

REPORT AND RECOMMENDATION

Noting Date: January 10, 2025

        Petitioner Bunthoeun Nem initiated this 28 U.S.C. § 2241 immigration habeas action *pro se* to obtain release from detention. Dkt. 1. The Government subsequently filed a Motion to Dismiss (Dkt. 6) on November 15, 2024, arguing that Petitioner was subject to an administratively final order of removal and that U.S. Immigration and Customs Enforcement ("ICE") was in the process of coordinating his removal to Cambodia. The Government filed a Notice of Change in Custody Status on December 19, 2024, informing the Court of Petitioner's removal to Cambodia. Dkt. 9.

        Pursuant to Article III of the United States Constitution, federal courts may adjudicate only actual, ongoing cases or controversies. *Deakins v. Monaghan*, 484 U.S. 193, 199 (1988). "For a habeas petition to continue to present a live controversy after the petitioner's release or

REPORT AND RECOMMENDATION - 1

deportation . . . there must be some remaining 'collateral consequence' that may be redressed by success on the petition." *Abdala v. I.N.S.*, 488 F.3d 1061, 1064 (9th Cir. 2007). Because Petitioner's habeas petition seeks only release from detention, Dkt. 1 at 3–5, his claims have been fully resolved. *Abdala*, 488 F.3d at 1065. Accordingly, there is no collateral consequence that could be redressed by the Court, and Petitioner's habeas Petition should be dismissed as moot. *Id.*

Because this action no longer involves a live controversy for adjudication, the undersigned recommends the Motion to Dismiss (Dkt. 6) be **GRANTED** and the Petition be **DISMISSED without prejudice**. A proposed Order accompanies this Report and Recommendation.

Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), the parties shall have fourteen (14) days from service of this report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on January 10, 2025, as noted in the caption.

Dated this 23rd day of December, 2024.

Grady J. Leupold
United States Magistrate Judge